IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

| | | |
|---|---|---|
| CAVALIER PROPERTIES, INC., | * | |
| | * | |
| Plaintiff, | * | |
| | * | |
| vs. | * | No. 4:05CV00644 SWW |
| | * | |
| RENAISSANCE DEVELOPMENT, LLC | * | |
| and STEPHEN RAY WALKER, | * | |
| | * | |
| Defendants. | * | |

**Memorandum Opinion and Order**

Plaintiff Cavalier Properties, Inc. ("Cavalier") brings this action for breach of contract and fraud against defendants Renaissance Development, LLC. ("Renaissance") and Stephen Ray Walker.  The case is set for a jury trial the week of March 26, 2007.  Now before the Court is defendants' motion for summary judgment to which plaintiff responded.  Upon careful review of the motion, response, statements of undisputed facts, briefs, and exhibits, the Court finds the motion should be denied.

**Background**

On February 9, 2005, Renaissance entered into and accepted a contract with Cavalier to purchase 7.1 acres of commercial real estate in Conway, Arkansas.  The contract listed the purchase price of the property as one million eight hundred thousand dollars ($1,800,000.00) payable in cash at closing.  The contract required Renaissance to tender earnest money in the amount of twenty-five thousand dollars ($25,000.00) within three (3) days of the acceptance of the contract.  The earnest money was to be applied toward the purchase price or closing costs.  Renaissance failed to tender the required $25,000.00.  Cavalier seeks damages from Renaissance

for breach of contract.  It also seeks damages for fraud, claiming that Walker, the sole shareholder and manager of Renaissance, misrepresented Renaissance's ability to pay the earnest money.

Defendants move for summary judgment arguing Cavalier's contract claim is subject to dismissal for failure of consideration and failure of conditions precedent.  They argue they are entitled to summary judgment on Cavalier's fraud claim for failure of proof and failure to plead fraud in the particularity.

## Standard of Review

Summary judgment is appropriate when "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(c).  As a prerequisite to summary judgment, a moving party must demonstrate "an absence of evidence to support the non-moving party's case."  *Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986).  Once the moving party has properly supported its motion for summary judgment, the non-moving party must "do more than simply show there is some metaphysical doubt as to the material facts."  *Matsushita Elec. Indus. Co. v. Zenith Radio Corp*., 475 U.S. 574, 586 (1986).  The non-moving party may not rest on mere allegations or denials of his pleading but must "come forward with 'specific facts showing that there is a genuine issue for trial.'" *Id*. at 587 (quoting Fed. R. Civ. P. 56(e)).

 "[A] genuine issue of material fact exists if: (1) there is a dispute of fact; (2) the disputed fact is material to the outcome of the case; and (3) the dispute is genuine, that is, a reasonable jury could return a verdict for either party."  *RSBI Aerospace, Inc. v. Affiliated FM Ins. Co.*, 49

F.3d 399, 401 (8ᵗʰ Cir. 1995).  The inferences to be drawn from the underlying facts must be viewed in the light most favorable to the party opposing the motion.  *Matsushita*, 475 U.S. at 587 (citations omitted).  Further, summary judgment is particularly appropriate where an unresolved issue is primarily legal, rather than factual.  *Mansker v. TMG Life Ins. Co.*, 54 F.3d 1322, 1326 (8ᵗʰ Cir. 1995).

### Discussion

The parties agree that this case, which is based on the diversity jurisdiction of the Court, is governed by Arkansas law.  Under Arkansas law, it is necessary that there be consideration in order to have a valid contract.  If there is no consideration, there is no enforceable contract.  *McIlroy Bank & Trust v. Comstock,* 678 S.W.2d 782 (Ark. 1984).  Failure of consideration is a defense to actions between parties to a contract.   *Ozark Diamond Mines Corp. v. Townes,* 174 S.W. 151 (Ark. 1915).

A determination of the existence of consideration for a contract is a question of fact for the jury to determine.  *Minyard v. Daking Mill, Inc.,* 599 S.W.2d 742 (Ark. 1980).  Consideration is any benefit conferred or agreed to be conferred upon a promisor to which he is not lawfully entitled, or any prejudice suffered or agreed to be suffered by a promisor other than such that he is lawfully bound to suffer.  *Bass v. Service Supply Co.,* 757 S.W.2d 189 (Ark. 1988); *McIlroy Bank & Trust, supra.*  Mutual promises constitute consideration, each for the other.  *Berry v. Cherokee Village Sewer, Inc.,* 155 S.W.3d 35 (Ark. 2004).   Defendants argue there is no consideration because Renaissance did not tender the $25,000.00 earnest money.  Cavalier asserts there was consideration for the transaction entered into by the parties.  Renaissance agreed to tender the stated earnest money within three (3) days of acceptance of the contract, and

in return, Cavalier refrained from selling the subject property to any other purchaser.  Cavalier

submits the affidavit of its agent, Phillip Hiegel, that for a period of more than a month after

Renaissance's acceptance of the contract at issue, Walker and his agent, Roy Martin, made

repeated assertions that Renaissance intended to and would be able to tender the earnest money.

Cavalier argues it has suffered damages, in the form of a diminution in the value of the property,

by refraining from selling its property to another purchaser.

Renaissance also argues that under the terms of the contract, its offer to purchase was

contingent on obtaining satisfactory financing with thirty days after acceptance of the contract.

Renaissance asserts that because it did not obtain satisfactory financing, the condition precedent

failed and Cavalier is not entitled to enforce the contract.  Cavalier maintains that it is clear from

the express language of the contract that the obligation of Renaissance to tender the earnest

money is separate and apart from any other language in the contract which could be construed as

an obligation on the part of Renaissance.

Paragraph 6 of the contract requires a tender of the stated earnest money within three (3)

days of acceptance of the contract.  The contract provides:

> 6.  EARNEST MONEY: Buyer herewith tenders a check for $25,000 within 3 days of
> acceptance to be deposited upon acceptance as earnest money ("the Earnest Money")
> which shall apply toward the Purchase Price or closing costs.

Paragraph 6 goes on to state:

> If Buyer fails to fulfill its obligations under this Real Estate Contract, or if, after
> all conditions have been met, Buyer fails to close this transaction, the Earnest
> Money may, at the sole and exclusive option of the Seller, be retained by the
> Seller as liquidated damages.

Ex. 1, Defs.' Br. in Supp. Mot. Summ. J.

4

Renaissance relies on Paragraph 16 of the contract to support its defense of failure of a condition precedent. Whether a provision of a contract amounts to a condition precedent is generally dependent on what the parties intended as adduced from the contract itself. Paragraph 16 of the contract, titled "Contingencies," provides as follows:

> Buyer's offer to purchase the Property is expressly contingent upon Buyer's satisfaction of the contingencies checked below within the deadline indicated for each contingency. Buyer shall notify Seller in writing when the contingencies have been satisfied. If Buyer fails to provide such written notice before the indicated deadline that a contingency checked below has been satisfied, then this Real Estate Contract shall be void and the Earnest Money shall be refunded to Buyer, and Buyer and Seller shall have no further obligation to each other.
>
> Contingencies (check all that apply):
>
> [X] A. Obtain satisfactory financing, in Buyer's sole discretion, within 30 days after acceptance.

*Id.*

Renaissance argues its offer to purchase was expressly contingent upon obtaining satisfactory financing and it is undisputed that Renaissance did not obtain satisfactory financing within 30 days of the acceptance of the contract, nor did it tender the $25,000.00 in earnest money. Cavalier asserts that Renaissance's argument concerning a failed contractual condition has no bearing upon the issue of Renaissance's obligation to tender the $25,000.00 in earnest money.

The Court finds there are genuine issues of material fact in dispute with regard to Cavalier's claim of breach of contract for Renaissance's failure to tender the $25,000.00 in earnest money and, therefore, Renaissance's motion for summary judgment should be denied.

Separate defendant Walker seeks summary judgment on Cavalier's claim of fraud. Walker is the sole shareholder and manager of Renaissance. Cavalier contends that when

Renaissance entered into the subject contract, Walker represented that Renaissance would and could pay $25,000.00 in earnest money within three days of acceptance of the contract. Cavalier contends this representation was false at the time it was made and that Walker knew it was false.

> The tort of fraud or deceit consists of five elements that the plaintiff must prove by a preponderance of the evidence: (1) a false representation of a material fact; (2) knowledge that the representation is false or that there is insufficient evidence upon which to make the representation; (3) intent to induce action or inaction in reliance upon the representation; (4) justifiable reliance on the representation; and (5) damage suffered as a result of the reliance.

*Tyson Foods, Inc. v. Davis,* 66 S.W.3d 568, 577 (Ark. 2002). Walker argues Cavalier's claim must fail because his statement related to a future event, and projections of future events or conduct cannot support a fraud claim as a matter of law. *Southeastern Distrib. Co. v. Miller Brewing Co.,* 366 Ark. 560, ___ S.W.3d ___ (Ark. 2006). He cites *South County, Inc. v. First Western Loan Co.,* 871 S.W.2d 325, 327 (Ark. 1994), for the proposition that statements that constitute "commitments to provide certain financing . . . would only be promises of future conduct in a contractual setting and not misrepresentations that give rise to fraudulent conduct."

In *South County*, First Western Loan Company and an officer of First Western told South County that First Western would provide the financing for a real estate development. Based on that representation, South County expended a lot of time and money to further the development of the project. Later, First Western advised South County that First Western would not fund the development of the project. South County was unable to obtain other financing, and the project failed. The court held First Western's statement

> amounts only to "puffing" of appellees' ability to provide financing, not a commitment to do so nor a representation that it would do so. Assuming arguendo that the statements were commitments to provide financing, they would only be promises of future conduct in a contractual setting and not misrepresentation that

give rise to fraudulent conduct. In *P.A.M. Transport, Inc. v. Arkansas Blue Cross & Blue Shield,* 315 Ark. 234, 868 S.W.2d 33 (1993), we said:

> In the context of negotiating a contract, a misrepresentation sufficient to form the basis of a deceit action may be made by one prospective party to another and must relate to a past event, or a present circumstance, but not a future event. 'An assertion limited to a future event may be a promise that imposes liability for breach of contract or a mere prediction that does not, but it is not a misrepresentation as to that event.'

871 S.W.2d at 327.

The statement at issue in the case before the Court, i.e. Renaissance would be capable of producing an earnest money payment of $25,000.00 within three days of accepting the contract, appears to be a representation of fact not opinion, and more in the nature of a statement of the existing situation rather than a prediction of the future. Additionally, in general, an action for fraud or deceit may not be predicated on an expression of opinion. However, the general rule is inapplicable if the person making the representation or prediction knows it to be false at the time it is made. *Delta School of Commerce, Inc. v. Wood,* 766 S.W.2d 424, 426 (Ark. 1989).

While Walker asserts he did not know that Renaissance would be unable to put up the earnest money, Cavalier argues that the fact that Walker was the sole owner and manager of Renaissance and signed the contract with Cavalier himself raise an issue of fact as to whether Walker knowingly made a false representation of a material fact. Because the Court finds there are genuine issues of material fact in dispute, the motion for summary judgment on the fraud claim is denied.

### Conclusion

For the reasons stated, the motion for summary judgment [docket entry 35] is denied.

SO ORDERED this 5th day of March 2007.

/s/Susan Webber Wright
UNITED STATES DISTRICT JUDGE